

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 07-40026-01 |
| Plaintiff, | * | |
| vs. | * | REPORT AND RECOMMENDATION ON DEFENDANT'S CHANGE OF PLEA |
| RONALD ROY ROWLAND, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the court for a change of plea hearing on Thursday, July 26, 2007. The Defendant, Ronald Roy Rowland, appeared in person and by his counsel, Assistant Federal Public Defender Bill Delaney, while the United States appeared by its Assistant United States Attorney, John Haak.

The defendant consented in open court to the change of plea before a United States magistrate judge. This court finds that the defendant's consent was voluntary and upon the advice of counsel. The government also consented to the plea hearing before a magistrate judge.

Defendant reached a plea agreement with the government wherein he will plead guilty to Counts 1 and 2 of the Superseding Indictment. The defendant is charged in Count 1 with Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), 846 and 853. The defendant is charged in Count 2 with Possession of an Unregistered Firearm in violation of 26 U.S.C. §§ 5861(d) and 5871. At the hearing, the defendant was advised of the nature of the charges to which the defendant would plead guilty and the maximum penalties applicable, specifically: Count 1: mandatory minimum 10 years imprisonment; maximum of life

imprisonment; a $4 million fine; or both; 5 years supervised release; 5 additional years imprisonment if supervised release is revoked; and a $100 special assessment. Count 2: 10 years imprisonment; $10,000 fine; 3 years supervised release; if supervised release is revoked an additional 2 years imprisonment; $100 special assessment.

Upon questioning the defendant personally in open court, it is the finding of the court that the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and that his plea of guilty to Counts 1 and 2 of the Superseding Indictment is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. It is, therefore, my report and recommendation that the guilty plea to Counts 1 and 2 of the Superseding Indictment be accepted and the defendant be adjudged guilty of those offenses.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 26 day of July, 2007.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk
By_____, Deputy
     (SEAL)

2